```
 1  Genaro Lara, Attorney at Law, SBN145659
    121 Broadway, Suite 365
 2  San Diego, CA 92101
    Tel: (619) 236-8011
 3
    Attorney for Miguel Mendiola-Martinez
 4

 5
                         UNITED STATES DISTRICT COURT
 6

 7
                        SOUTHERN DISTRICT OF CALIFORNIA
 8

 9

10

11
    UNITED STATES OF AMERICA   )   No. 08-MJ-0857
12            Plaintiff        )   Motion to Compel Discovery
                               )
13  vs                         )   May 19, 2009
                               )   Court Room 4
14  MIGUEL MENDIOLA-MARTINEZ   )   2:00 P.M.
                               )
15            Defendant        )
    _____)
16
    To:  United States Attorneys for the plaintiff: Notice is hereby given that
17
    defendant, by and though his retained counsel, Genaro Lara, will move the Court
18
    at the above stated date, time, and place or as soon thereafter as the Court convenes
19
    to compel the prosecution to provide evidence in possession of the prosecuting agencies
20
    to defense counsel.  The items of evidence sought to be ordered are necessary for the preparation
21
    of the trial of this matter, and for motions that may be appropriate.  Defense counsel has
22
    sought to obtain discovery voluntarily from the government without success.
23
          In support of his motion, defendant has filed the instant notice of motion, motion,
24
    memorandum of points and authorities, and declaration of counsel.
25

26  Respectfully Submitted,

27

28  Genaro Lara, for the accused, Miguel Mendiola-Martinez
```

STATEMENT OF FACTS

On March 17, 2008, Miguel Mendiola-Martinez was arrested by special government agents and charged with violation of offenses under Title 18, Untied States Code, Sections 922(g)(5), an illegal alien in possession of a weapon which had traveled in and affected interstate commerce. On April 18, 2008, Mr. Mendiola-Martinez was indicted on two criminal counts in violation of Title 18, U.S.C., Sections 922(g)(5), and 924(a)(2), an illegal alien in possession of firearms. The accused was arraigned in open court before Magistrate L. Papas, Department G, of the Federal Court in San Diego, CA. He entered a plea of not guilty after the court read him his constitutional rights while assisted by a certified Spanish language interpreter. The matter was set for May 19, 2008 at 2:00 p.m. before Honorable Judge William Q. Hayes, Courtroom 4 United States Court, San Diego, Ca., for motion hearing and trial setting.

DEFENSE EFFORTS TO OBTAIN VOLUNTARY DISCLOSURE OF DISCOVERY:

On April 9, 2008, the undersigned defense attorney for the accused sent a letter requesting specific items of evidence to the United States Attorneys office. On or about April 24, 2008, the Office of the Untied States Attorney provided an investigation report to defense counsel, but did not include the items of evidence which had been previously requested.

Defense counsel seeks by this motion to compel the United States government the disclosure of the following items:

1. Copy of hunting license in the name of the accused which was seized by arresting officers from the defendant on the date of his arrest.
2. Copy of defendant's California driver's license, likewise seized from defendant by the arresting special agents.
3. Miscellaneous documents seized by arresting officers from the accused at the time of his arrest.
4. Any written reports prepared by special agents Haynes about the accused.

5. Copies of all documents in the possession of the government regarding the alleged waiver of rights by the accused.

6. Any evidence in the possession of the government agencies which is exculpatory to the issue of whether Mr. Mendiola-Martinez is an illegal alien.

7. Copies of all grand jury transcripts which resulted in the indictment of Mr. Miguel Mendiola-Martinez.

The items listed and requested are necessary for the preparation of defendant's trial. There is no legal justification for the government to withhold these items from defense counsel. The documents constitute evidence which will exonerate the defendant of the pending charges.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY:

I

THE ACCUSED IS ENTITLED TO DISCOVERY FROM THE GOVERNMENT. RULE 16, FEDERAL RULES OF CRIMINAL PROCEDURE.

Rule 16, of the Federal Rules of Criminal Procedure states that "Upon request of a defendant the government "shall"....disclose to defendant... The mandatory language in the rule leaves no doubt but that the government must disclose to the accused all relevant evidence in its possession to the accused in order to prepare its defense. Jackson v. Wainright, 390 F.2d 288, 296-99. Defense counsel has specifically requested certain documentary evidence in the possession of the government. These items will support the foundation for the legal proposition that Mr. Miguel Mendiola-Martinez was not an illegal alien, as alleged by the government, but a person who relied upon the government's own rules in obtaining a legal document entitled, "work permit", which enabled the accused to work in any lawful occupation while residing in the United States. Despite defense request for the documents, the government has failed to provide the items requested nor to give a reasonable explanation for its failure

3

to comply with the timely request.

Furthermore, the government has a constitutional duty and obligation to disclose all evidence favorable to the accused which is material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). It has been held that evidence is material so long as there is strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal. U.S. v. Lloyd, 992 F.2d 348, 351.

Rule 16 Federal Rules of Criminal Procedure imposes a continuing duty upon the prosecution to disclose all favorable evidence to the defense. The government has not lived up to its obligation.

MOTION FOR THE RELEASE OF GRAND JURY TRANSCRIPTS:

In addition to the items listed above, defendant seeks an order of court for the release of grand jury transcripts of the grand jury which indicted the accused. All grand jury proceedings have been recorded or transcribed. (Federal rules of criminal proceedings 6 (e)(1). Defense counsel has reasonable belief that based upon an examination of the evidence at hand that the prosecution either misstated the facts about the defendant to the grand jury, misstated the evidence that the defendant was an illegal alien, or misstated the legal instructions to the grand jurors as to what is an illegal alien. It is undisputed that Mr. Miguel Mendiola-Martinez was in possession of a lawful work permit issued by a legitimate government agency. If this fact was not brought to the attention of the grand jurors, there is a strong inference that the government misstated the facts to the grand jurors. It is important therefore, for the defense to obtain the grand jury transcripts and correct any impropriety that most likely occurred in the grand jury proceedings.

The disclosure of the grand jury proceedings is proper and necessary for the defense to obtain redress for any misstatement of the law to the grand jurors who issued an indictment under an erroneous statement of the laws or of the facts, as must have occurred. It is impossible for anyone to conclude that a human being who has been issued by a government agency a lawful

document entitled work permit, as was the case of Miguel Mendiola-Martinez, to be declared an illegal alien without any rights. The indictment obtained by the government stretches all credibility to the breaking point.

Furthermore, the defense needs the grand jury transcripts because it is highly probable that one of the government witnesses testified at the grand jury proceedings. His or her testimony is recorded. Defense counsel has the right to that testimony for impeachment, cross-examination of that witness. To deny the defense these trial rights is to deny him his rights to due process and to a fair trial.

Conclusion:

For the above stated reasons, defendant moves for an order of this court compelling the government to disclose the items of evidence listed above, including the transcripts of grand jury proceedings. If the court is not inclined to order discovery of the grand jury transcripts, then, defendant requests the court to examine in chambers the transcripts and to make a finding whether defense counsel's theories that the witnesses lied, or misstated the law to the grand jurors to obtain an indictment. If so, the defendant requests to issue an appropriate ruling.

Respectfully Submitted,

Geanaro Lara_____S_____.

Electronically filed:

April 29, 2008