1  Genaro Lara, Attorney at Law, SBN145659
   121 Broadway, Suite 365
2  San Diego, CA 92101

3  Tel: (619)236-8011

4

5                IN THE UNITED STATES DISTRICT COURT

6              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7

8  UNITED STATES OF AMERICA,          )  Case #08-cr-1169
                                      )
9              Plaintiff,             )  NOTICE OF MOTION FOR
                                      )   RETURN OF PROPERTY
10 VS.                                )
                                      )
11                                    )  DATE: JUNE 2, 2008
   MIGUEL MENDIOLA-MARTINEZ,          )  TIME:  2:00 P.M.
12                                    )   DEPT. 4, HON. W.Q. HAYES
               Defendant,             )
13 _____    )

14 To: UNITED STATES OF AMERICA, PLAINTIFF; CHRISTINA MCCALL, ASSISTANT UNITED STATES ATTORNEY.

15

16       PLEASE TAKE NOTICE that on June 2, 2008 at 2:00 p.m. or as soon thereafter as

17 the court convenes in the courtroom of Honorable William Q. Hayes, Judge, counsel for the

18 defendant, Genaro Lara and L. Marcel Stewart, will move the Court for entry of an order

19 for return of defendant's personal property pursuant to Federal Rules of Criminal Procedure, 41(e).

20       This motion is based on the instant notice of motion, motion, memorandum of points

21 and authorities filed herewith, all other applicable constitutional, statutory, and case authority,

22 and such evidence and argument as may be presented at the hearing of this motion.

23
   Respectfully Submitted,
24

25 Genaro Lara, for Miguel Mendiola-Martinez

26 Dated;  May 12, 2008

27

28

Genaro Lara, Attorney at Law, SBN 145659
121 Broadway, Suite 365
San Diego, CA 92101

Tel: (619) 236-8011

Attorney for Miguel Mendiola Martinez

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Case # 08-cr-1169 |
| ) | |
| Plaintiff,  ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| ) | MOTION FOR RETURN OF |
| VS.  ) | PROPERTY. |
| ) | |
| MIGUEL MENDIOLA MARTINEZ,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

INTRODUCTION

Defendant, Miguel Mendiola-Martinez, by and through his retained counsel of record, Genaro Lara and L. Marcel Steward, hereby move pursuant to Fed.R.Crim.P. 41(e) for return of all personal property seized by special BTF agents on March 17, 2008. On that date, SA Beals and SA Michael Willever conducted an interview of Miguel Mendiola-Martinez at his residence. Miguel Mendiola-Martinez showed five firearms in his possession The firearms seized by the arresting officers are described as follows:

1. Ruger, model Vaquero, .45 caliber, revolver, serial number 58-29096,

2. Colt, model Commander, .45 caliber, pistol, serial number CJ27643

3. Remington, model 700, 30-06 caliber, bolt action rifle, serial number B6264511

4. Winchester, model 70, 300 WIN MAG caliber, bolt-action rifle, serial number G312564

5. Remington, model 700, .270 caliber, bolt-action rifle, serial number E6743201.

    The United States Attorney's Office has not indicated whether the seized property is

evidence that must be retained for use in this case. However, it is plausible that the government could make that argument in a bid to retain the property. If that is the case, the defendant will stipulate that photocopies will suffice to fairly represent the seized items without the need to have the items physically present in trial. Defendant will further stipulate as to authenticity of the pictures fore evidentiary purposes, thereby relieving the government of the need to keep the seized items. Such firearms were in the legal possession of the defendant at the time of his arrest. He was also in possession of a valid hunter's license issued by the State of California in the name of the applicant, defendant herein. He obtained such license as a person with lawful authority to be in the United States pursuant to a lawfully issued work permit issued to the defendant under his own name. These two documents form the legal foundation and basis to defeat the government's position that Mr. Miguel Mendiola-Martinez was present in the United States as an "illegal alien". This motion addresses the issue of the return of the personal property. Defendant will address the legal issues arising from the questionable indictment at the proper forum at the right time and manner.

## ARGUMENT

THERE IS NO VALID REASON FOR RETENTION BY THE GOVERNMENT OF THE SEIZED ASSETS.

Fed.R.Crim.P. 41(e) provides in pertinent part:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings.

In this case, there is no legitimate bases for the government's retention of the property seized from Mr. Miguel Mendiola-Martinez. The firearms were legitimate property in lawful possession

by the accused. He applied for and was granted a hunting license as a lawful resident entitled to work and live in the United States pursuant to a work permit. In United States v. Ortega, (1978) 450 F.Supp.211, defendant moved for return of cash seized from his briefcase at the time of his arrest. Defendant admitted that part of the cash seized had been the product of dug sales.

With respect to the threshhold issue of jurisdiction, the Ortega court found that it had jurisdiction over the motion for return of property because the issue was "ancillary" to the criminal proceeding.

Thus, this Court has the authority to order the government to return the listed items to Mr. Miguel Mendiola-Martinez. Rule 41(e) is clear on its face: the government cannot keep the property if the accused is entitled to its return. If the government argues the seized property will be relevant and admissible evidence for the government's case, then Rule 41(e) calls for "reasonable conditions to be imposed to protect access and use of the property in future proceedings. Here, Mr. Miguel Mendiola-Martinez will stipulate to the government's use at trial of photocopies of the seized items. Therefore there is no just reason that the property seized by the special agents should not be returned to Mr. Miguel Mendiola-Martinez or to his designated agent.

Conclusion

For the foregoing reasons, defendant, Miguel Mendiola-Martinez respectfully prays for an order of Court directing the government to return his property.

Dated: May 12, 2008

Respectfully Submitted,


Genaro Lara, Attorney for Miguel Mendiola-Martinez