KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant U.S. Attorney
California State Bar No. 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6760

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL MENDIOLA-MARTINEZ, <br><br> Defendant | Criminal Case No. 08CR1169-WQH <br><br> Date:  June 2, 2008 <br> Time:  2:00 p.m. <br><br> **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO:** <br> **COMPEL DISCOVERY AND RELEASE GRAND JURY TRANSCRIPTS** <br><br> **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND MOTION FOR RECIPROCAL DISCOVERY** |

Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christina McCall, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's above-referenced motions. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//

**I**

## STATEMENT OF THE CASE

On April 15, 2008, a federal grand jury in the Southern District of California returned a one-count indictment against Defendant Miguel Mendiola-Martinez ("Defendant"). The Indictment charges Defendant with being an illegal alien in possession of firearms, in violation of 88 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).

On April 29, 2008, Defendant filed the above-captioned motions. The United States files the following response.

**II**

## STATEMENT OF FACTS

**A.     The Offense Conduct**

On April 9, 2007, Special Agent Matt Beals of the Bureau of Alcohol, Tobacco and Firearms ("ATF") debriefed a confidential informant about firearms possessed by Defendant. The informant stated that Defendant had purchased at least two firearms from the informant in the past 18 months. The informant identified Defendant from his photograph from the California Department of Motor Vehicles driver's license database. A check of Defendant's criminal and immigration history revealed that he was arrested by the Immigration and Naturalization Service for attempted illegal entry into the United States on April 15, 1999 and expeditiously removed from the country. A check of immigration records revealed that Defendant did not have lawful permission to reenter the United States following his removal.

On March 17, 2008, ATF and Immigration and Customs Enforcement agents interviewed Defendant at his residence, after Defendant waived his <u>Miranda</u> rights. Defendant confirmed that he was unlawfully present in the United States, having illegally entered without inspection after being removed through the United States. But Defendant stated that he had recently obtained an Employment Authorization Card issued by the Department of Homeland Security. Defendant indicated that he applied for permanent resident status in the United States and received a receipt for the application.

Defendant admitted that he possessed multiple firearms, which he allowed the agents to inspect. Defendant possessed five firearms, and almost 500 rounds of assorted ammunition. The firearms were

1 all manufactured outside of California and traveled in interstate commerce:

2     Remington model 700 rifle

3     Colt .45 caliber pistol

4     Ruger .45 caliber revolver

5     Remington model 700 rifle

6     Winchester model 70 rifle

7 Defendant stated that he never transported or sold firearms in Mexico. Defendant did not answer
8 a question regarding selling firearms in the United States. However, Defendant indicated that he liked
9 to hunt and showed the agent his California hunting license, issued on September 13, 2007. Defendant
10 said that he owned the three rifles for seven years, and that his father-in-law had purchased the rifles for
11 him. Defendant said the two handguns came from a friend that he had not seen for two years.
12 Defendant claimed that friend asked him to hold the firearms for him until the friend returned from
13 Mexico. Agents placed Defendant under arrest for violating 18 U.S.C. 922(g)(5), illegal alien in
14 possession of firearms.

15 **III**

16 **THE UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS**

17 **A.   ORDER COMPELLING DISCOVERY IS UNNECESSARY**

18 <u>No Order is Required; The United States is Complying With Discovery Obligations</u>

19 The United States has produced 223 pages of discovery as of the filing of this response, as well
20 as a digital recording of Defendant's interview on March 17, 2008. Contrary to defense counsel's
21 assertions that he "has sought to obtain discovery voluntarily without success" and "the government has
22 not lived up to its obligation" as well as other inflammatory accusations, the United States has complied
23 and will continue to comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83
24 (1963), the Jenks Act (18 U.S.C. §3500), and Federal Rule of Criminal Procedure 16. Because the
25 United States has complied and will comply with its discovery obligations, an order to compel discovery
26 is unwarranted and the request for such an order should be denied. Although defense counsel Lara
27 claims he has sought to obtain discovery without success, he has never contacted the undersigned
28 prosecutor, who has been the attorney of record since April 22, 2008.

1  Most of the documents requested by Defendant have been provided, except for the grand jury
2  transcripts, which are secret. All non-privileged documents from Defendant's alien file have been
3  turned over as discovery. Copies of the documents taken from Defendant on the date of his arrest have
4  been provided.

### B. THE GRAND JURY TRANSCRIPTS SHOULD NOT BE PRODUCED

Federal Rule of Criminal Procedure 6(e)(2) provides that the matters occurring before the grand jury must not be disclosed, except for limited exceptions set forth in Rule 6(e)(3). Rule 6(e)(3)(E) allows the district court to authorize disclosure of a grand-jury matter at the request of a defendant who **shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury**. Defendant asserts that he has shown a particularized need for the grand jury transcripts. This Court should deny this motion, for Defendant has not met his burden to show a particularized need to overcome the secrecy of the grand jury proceedings.

The Supreme Court held that there is no judicially enforceable remedy for a prosecutor's failure to divulge exculpatory evidence to the grand jury. Regardless of the contents of the grand jury proceedings, **there is no theory on which the defendant can rely to achieve a dismissal of the indictment in this matter**. Therefore, the court may not authorize the disclosure of grand jury transcripts in this matter under Rule 6(e)(3)(E)(ii). This motion is a fishing expedition that does not meet the disclosure test set forth by the Federal Rules.

There are very good reasons why the Federal Rules of Criminal Procedure provide for the secrecy of grand jury proceedings. The Supreme Court stated, in United States v. Procter & Gamble Co., 356 U.S. 677, 681-682, n. 6 (1958), the reasons for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

In Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979), the Supreme Court set forth the standard for determining when the traditional secrecy of the grand jury may be broken:

> Parties seeking grand jury transcripts under Rule 6 (e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations, as it had in Dennis. For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

441 U.S. at 222.

Any claim that the government has a judicially based obligation to disclose substantial exculpatory evidence to the grand jury is directly contradicted by United States v. Williams, 504 U.S. 36, 51-53 (1992) ("If the grand jury has no obligation to consider all 'substantial exculpatory' evidence, we do not understand how the prosecutor can be said to have a binding obligation to present it."[1] (emphasis added)). See also, United States v. Haynes, 216 F.3d 789, 798 (9th Cir. 2000) ("Finally, their challenge to the government's failure to introduce evidence impugning Fairbanks's credibility lacks merit because prosecutors have no obligation to disclose 'substantial exculpatory evidence' to a grand jury." (citing Williams) (emphasis added)).

In United States v. Isgro, 974 F.2d 1091 (9th Cir. 1992), the Ninth Circuit, while reviewing Williams, established that there is nothing in the Constitution which requires a prosecutor to give the

---

[1] Note that in Williams the Court established:

> Respondent does not contend that the Fifth Amendment itself obliges the prosecutor to disclose substantial exculpatory evidence in his possession to the grand jury. Instead, building on our statement that the federal courts "may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress," he argues that imposition of the Tenth Circuit's disclosure rule is supported by the courts' "supervisory power."

504 U.S. at 45 (citation omitted). The Court concluded "that courts have no authority to prescribe such a duty [to present exculpatory evidence] pursuant to their inherent supervisory authority over their own proceedings." 504 U.S. at 55. See also, United States v. Haynes, 216 F.3d 789, 797-98 (9th Cir. 2000). However, the Ninth Circuit in Isgro used Williams' holding that the supervisory powers would not be invoked to ward off an attack on grand jury procedures couched in constitutional terms. 974 F.2d at 1096.

person under investigation the right to present anything to the grand jury (including his or her testimony or other exculpatory evidence), and the absence of that information does not require dismissal of the indictment. 974 F.2d at 1096 ("<u>Williams</u> clearly rejects the idea that there exists a right to such 'fair' or 'objective' grand jury deliberations."). Even the "obligation to disclose potentially exculpatory evidence under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) applies only in regard to trials." <u>United States v. Gilbert</u>, 198 F.3d 1293 (11th Cir. 1999).

The fact that the USAM imposes a duty on federal prosecutors to present "substantial" exculpatory evidence to the grand jury is irrelevant since by its own terms the USAM precludes defendants from reaping any benefits from the self-imposed policy. Certain provision of the United States Attorneys' Manual ("USAM") do contain some obligation that a United Stated Attorney must disclose substantial exculpatory evidence to the grand jury.[2] Specifically, USAM Section 9-11.233 reads:

> In <u>United States v. Williams</u>, 112 S.Ct. 1735 (1992), the Supreme Court held that the Federal courts' supervisory powers over the grand jury did not include the power to make a rule allowing the dismissal of an otherwise valid indictment where the prosecutor failed to introduce substantial exculpatory evidence to a grand jury. It is the policy of the Department of Justice, however, that when a prosecutor conducting a grand jury inquiry is personally aware of <u>substantial evidence that directly negates the guilt</u> of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person. While a failure to follow the Department's policy should <u>not result in dismissal of an indictment</u>, <u>appellate courts</u> may refer violations of the policy to the Office of Professional Responsibility for review.

(Emphasis added.) It is important to note that the requirements of this provision are limited to exculpatory evidence that is substantial. The USAM does not require prosecutors to disclose allegedly exculpatory evidence to the grand jury that is not substantial. This policy was reconfirmed in USAM 9-5.001, Policy Regarding Disclosure of Exculpatory and Impeachment Information, Paragraph A: "This policy does not alter or supersede the policy that requires prosecutors to disclose '<u>substantial evidence</u> that directly negates the guilt of a subject of the investigation' to the grand jury before seeking an indictment, <u>see</u> USAM § 9-11.233 ."

---

[2] The USAM is available on-line at www.usdoj.gov/usao/eousa/foia_reading_room/usam/index.html.

(Emphasis added.)[3]

In this case, there is no evidence that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Probable cause existed to believe that Defendant violated 18 U.S.C. § 922(g)(5)(A) and 924(a)(2). Defendant is a Mexican citizen who has no right to enter the United States. Even his temporary employment authorization card indicates on its face that it does not allow the possessor to re-enter the United States. Defendant admitted on the day of his arrest that he is a Mexican citizen, previously removed from the United States, who illegally re-entered this country without inspection. Mere possession of a temporary employment authorization card does not transform him into a lawful resident.

There has been a completely insufficient showing of a particularized need for the transcripts of the grand jury proceedings to justify overcoming the necessary secrecy of the grand jury's functions. Defendant would not be able to obtain dismissal of the indictment based on conduct before the grand jury. There is probable cause to believe that Defendant violated 18 U.S.C. § 922. Therefore, Defendant's motion should be denied.

In case the agent who testified before the grand jury becomes a witness at trial, the United States will turn over the transcript of that agent's testimony as Jencks material. However, the agent who testified was not involved in the case, making the likelihood of testifying quite low.

**IV**

**UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

Defendant has invoked Fed. R. Crim. P. 16(a) and the United States has voluntarily complied with the requirements of Rule 16(a). Therefore, provision 16(b) of that rule, requiring reciprocal discovery, is applicable. The United States hereby requests Defendant to permit the

---

[3] See www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/5mcrm.htm. Similarly, this new section does not bestow any procedural or substantive rights on defendants.

> Under this policy, the government's disclosure will exceed its constitutional obligations. This expanded disclosure policy, however, does not create a general right of discovery in criminal cases. Nor does it provide defendants with any additional rights or remedies.

USAM 9-5.001, ¶ "E". See www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/ 5mcrm.htm.

1  United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except Defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. The United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## V

## CONCLUSION

For the above stated reasons, the United States respectfully requests that Defendant's motions be denied, except where unopposed, and its reciprocal discovery motion be granted.

DATED: May 27, 2008

                                            Respectfully submitted,

                                            KAREN P. HEWITT
                                            United States Attorney

                                            /s/ *Christina M. McCall*

                                            CHRISTINA M. McCALL
                                            Assistant U.S. **Attorney**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 08CR1169-WQH |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| MIGUEL MENDIOLA-MARTINEZ, | ) | |
| Defendant. | ) | |

**IT IS HEREBY CERTIFIED that:**

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Genaro Lara
Marcel Stewart

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2008

/s/ ***Christina M. McCall***
CHRISTINA M. McCALL