KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant U.S. Attorney
California State Bar No. 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6760

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL MENDIOLA-MARTINEZ, <br><br> Defendant | Criminal Case No. 08CR1169-WQH <br><br> Date: June 2, 2008 <br> Time: 2:00 p.m. <br><br> **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO:** <br> **RETURN PROPERTY/EVIDENCE OF THE CRIME** <br><br> **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |

    Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christina McCall, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's above-referenced motions. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//

I

**STATEMENT OF THE CASE**

On April 15, 2008, a federal grand jury in the Southern District of California returned a one-count indictment against Defendant Miguel Mendiola-Martinez ("Defendant"). The Indictment charges Defendant with being an illegal alien in possession of firearms, in violation of 88 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).

On April 29, 2008, Defendant filed the above-captioned motions. The United States files the following response.

II

**STATEMENT OF FACTS**

**A.    The Offense Conduct**

On April 9, 2007, Special Agent Matt Beals of the Bureau of Alcohol, Tobacco and Firearms ("ATF") debriefed a confidential informant about firearms possessed by Defendant. The informant stated that Defendant had purchased at least two firearms from the informant in the past 18 months. The informant identified Defendant from his photograph from the California Department of Motor Vehicles driver's license database. A check of Defendant's criminal and immigration history revealed that he was arrested by the Immigration and Naturalization Service for attempted illegal entry into the United States on April 15, 1999 and expeditiously removed from the country. A check of immigration records revealed that Defendant did not have lawful permission to reenter the United States following his removal.

On March 17, 2008, ATF and Immigration and Customs Enforcement agents interviewed Defendant at his residence, after Defendant waived his <u>Miranda</u> rights. Defendant confirmed that he was unlawfully present in the United States, having illegally entered without inspection after being removed through the United States. But Defendant stated that he had recently obtained an Employment Authorization Card issued by the Department of Homeland Security. Defendant indicated that he applied for permanent resident status in the United States and received a receipt for the application.

Defendant admitted that he possessed multiple firearms, which he allowed the agents to inspect. Defendant possessed five firearms, and almost 500 rounds of assorted ammunition. The firearms were

all manufactured outside of California and traveled in interstate commerce:

    Remington model 700 .30-06 rifle

    Colt .45 caliber pistol

    Ruger .45 caliber revolver

    Remington model 700 .30-06 rifle

    Winchester model 70 rifle

Defendant stated that he never transported or sold firearms in Mexico. Defendant did not answer a question regarding selling firearms in the United States. However, Defendant indicated that he liked to hunt and showed the agent his California hunting license, issued on September 13, 2007. Defendant said that he owned the three rifles for seven years, and that his father-in-law had purchased the rifles for him. Defendant said the two handguns came from a friend that he had not seen for two years. Defendant claimed that friend asked him to hold the firearms for him until the friend returned from Mexico. Agents placed Defendant under arrest for violating 18 U.S.C. 922(g)(5), illegal alien in possession of firearms.

Subsequent investigation revealed that none of the five weapons Defendant possessed were legally purchased by him from a licensed firearms dealer. Four of the firearms were purchased by four different people; the fifth (one of the Remington .30-06 rifles) has no record of a purchaser when traced through federal databases.

### III

**THE UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS**

**A.**  **THE PROPERTY IS ESSENTIAL EVIDENCE OF THE CRIME DEFENDANT COMMITTED; IT SHOULD NOT BE RETURNED TO DEFENDANT, WHO IS LEGALLY PRECLUDED FROM POSSESSING SUCH FIREARMS**

    Introduction

Defendant moves this court to compel the United States to return all of the illegal firearms that he possessed, citing Federal Rule of Criminal Procedure 41(e), which sets forth the procedures for a court to issue a search or seizure warrant. Presumably, Defendant meant to cite Rule 41(g), which specifically refers to a motion to return property, and which now encompasses the content of former Rule 41(e).

"Generally, a Rule 41(e) [now Rule 41(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) (quoting United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991)(internal quotations omitted)). All of these considerations are present in this case: Defendant is not entitled to lawfully possess the weapons; administrative forfeiture proceedings have already begun against the property; and the government has a continuing need for the weapons as evidence at this early stage in the criminal case.

This motion should be denied for a number of reasons. First, the firearms are essential evidence of the crime Defendant is charged with, namely possessing firearms while being an illegal alien. Second, the firearms are not the result of "an unlawful search and seizure of property" as Rule 41(e) emphasizes. Third, these firearms cannot be possessed by an illegal alien such as Defendant. Only aliens who possess permanent resident alien cards, along with hunting licenses, can possess firearms in this country. Furthermore, Defendant did not legally purchase any of the firearms from a legitimate licensed dealer, so Defendant cannot legally possess them. Finally, these weapons are already the subject of an administrative forfeiture case.

### The Firearms Are Essential Evidence of the Crime Defendant Committed

This entire case revolves around the five firearms seized from Defendant's possession. Defendant states in his motion that the "United States Attorney's Office has not indicated whether the seized property is evidence that must be retained for use in this case." In case the need for this evidence was not clear before, this Response serves as notice that the firearms Defendant illegally possessed are essential evidence that must be retained during this criminal prosecution. Defendant's offers to "stipulate that photocopies will suffice" and "stipulate as to the authenticity of the pictures fore [sic] evidentiary purposes" are completely inadequate in this case, which necessarily will involve proving that Defendant possessed firearms that were transported in interstate commerce. The United States absolutely intends to introduce the weapons into evidence at trial, after they are rendered safe by federal law enforcement officials. The motion should be denied because the property is still needed for evidentiary purposes.

### There Was No Illegal Search or Seizure of the Firearms

Rule 41(g) states, in part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The facts in this case involve a consensual search of Defendant's property. Once the agents confirmed Defendant's immigration status and possession of the firearms, probable cause arose to arrest him for violating 18 U.S.C. 922(g)(5)(A). At that point, the federal agents were completely justified in seizing the weapons, which Defendant unlawfully possessed. Because there was no illegal search or seizure of the weapons, this motion should be denied.

### Defendant Has No Legal Right to Possess These Firearms

Because Defendant is a non-citizen illegally present in the United States, federal law prohibits him from possessing firearms that have traveled in or affect interstate commerce. Defendant counter-intuitively seeks to have the government return to him weapons he is prohibited from possessing. Defendant does not have permanent residency status in this country. Furthermore, Defendant is not the registered purchaser of any of these firearms. Four of them were purchased by people other than Defendant; the fifth weapon has no registered purchaser. There is no way that the government can return these firearms to Defendant, since he is not legally allowed to possess them.

### These Weapons Are Already the Subject of Administrative Forfeiture

On April 8, 2008, the Bureau of Alcohol, Tobacco, Firearms and Explosives sent a Notice of Forfeiture proceedings in case 784040-07-0059 by registered mail to Defendant at his home address. A copy of the forfeiture notice is attached as Exhibit 1. The registered mail confirmation form indicates that Defendant's wife received the notice on April 14, 2008. The notice details the procedures Defendant can follow to contest the administrative forfeiture.

The forfeiture proceeding provides an adequate legal remedy for any claimant to the forfeited property where notice of the proceeding is sufficient. See United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir. 1993). Moreover, an adequate remedy at law precludes the exercise of the district court's equitable powers through a Rule 41(g) proceeding. See id. Because Defendant received notice of the forfeiture proceedings, he has an adequate remedy at law to recover the seized property, if he has any entitlement to it.

# V

# **CONCLUSION**

For the above stated reasons, the United States respectfully requests that Defendant's motions be denied.

DATED: May 27, 2008

                          Respectfully submitted,

                          KAREN P. HEWITT
                          United States Attorney

                          /s/ ***Christina M. McCall***

                          CHRISTINA M. McCALL
                          Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 08CR1169-WQH |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| MIGUEL MENDIOLA-MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

**IT IS HEREBY CERTIFIED that:**

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Genaro Lara
Marcel Stewart

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2008

/s/ *Christina M. McCall*
CHRISTINA M. McCALL