1  GENARO LARA, Attorney at Law
   121 BROADWAY, SUITE 365                                              P.1
2  SAN DIEGO, CA 92101
   TEL: (619) 236-8011
3
   Attorney for Mguel Mendiola-Martinez
4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ----------------------------------------------X
12  UNITED STATES OF AMERICA,          Case NO. 08 CR 1169-(WQH)
                                    :
13                                  :
14        Plaintiff,                :   DEFENDANT'S REPLY TO THE
                                    :
15     vs.                          :   GOVERNMENT'S MOTION IN LIMINE
                                    :
16                                  :   TO PRECLUDE DEFENDANT'S ADMISSION
                                    :
17  MIGUEL MENDIOLA-MARTINEZ         :   OF EVIDENCE OF WORK PERMIT
                                    :
18                                  :   AUTHORIZATION, AND OF WITNESSES IN
                                    :
19        Defendant.                :   TRIAL.
                                    :
20                                  :
21                                  :      DATE: September 15, 2008
                                    :
22                                  :      TIME: 2:00 p.m.
                                    :
23                                  :      PLACE: Courtroom 4
                                    :
24  ----------------------------------------------X
25       To: United States Attorneys: Notice is hereby given that defendant,

26  Miguel Mendiola Martinez, by and through his retained counsel, submits the

27  following reply in opposition  to the Government's motion in limine to

28  prohibit the defendant's counsel from admitting material, relevant, and

1                                                                          P2

2   exculpatory evidence from the jury in the coming trial.  Defendant has filed a

3   Statement of Facts and a Memorandum of Points and Authorities in support of

4   its position.

5

6   Respectfully Submitted,        /s/   Genaro Lara

7                                  _____

8

9   September 2, 2008

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                                              P3

2  STATEMENT OF FACTS:

3      On March 17, 2008, Special Agent Matt Beals of the Bureau of

4  Tobbacco and Firearms and Customs Enforcement agents interviewed

5  Mr. Mendiola-Martinez at his residence at 2873 Jenny Jade Court,

6  in Valley Center, CA., where he resided with his lawful spouse, a

7  United States citizen,  and their two minor children born in the

8  United States, and therefore also citizens of the United States.

9  Mr. Mendiola-Martinez agreed to talk to the investigating

10 officers.  Luz Maria Mendiola, his wife,  assisted in the

11 interview by translating for her husband, whose command of the

12 English language is limited.

13          Miguel Mendiola-Martinez fully cooperated with the

14 investigating officers and admitted to possession of firearms,

15 some of which he used for hunting.  He showed the investigating

16 officers a valid hunting license issued to his name on September

17 30, 2007 after he applied and a paid for the appropriate fee.

18

19     In the past, Miguel Mendiola-Martinez had retained the

20 services of a licensed attorney at law by the name of Kevin Bove

21 to assist him in his application for adjustment of status based

22 on his marriage to a United States Citizen.  Kevin Bove is a

23 licensed attorney at law with offices located at 117 North

24 Broadway, Escondido, CA.  92025.  Kevin Bove assisted Mr. Miguel

25 Mendiola-Martinez in the filing of various documents with the

26 appropriate federal agencies and was successful in obtaining on

27 July 27, 2007 a document entitled, "Employment Authorization

28 Card".  His able counsel Kevin Bove, also filed on April 2007, an

1                                                              P.4

2  application for waiver of grounds of inadmissibility, known as I-

3  212, which is an application for permission to reapply for

4  admission into the United States after deportation or removal.

5       The prosecution points out unnecessarily that the Employment

6  Authorization Card is clearly labeled "not an entry document".

7  There is no

8  evidence that Mr. Miguel Mendiola-Martinez ever attempted to

9  employ the Employment Authorization Card for purposes of entering

10  into the United States.

11  On August 13, 2007 Mr. Mendiola-Martinez obtained a social

12  security card issued to his name from the Social Security

13  Administration, valid with his DHS authorization.

14       At the time of his arrest, Mr. Miguel Mendiola-Martinez was

15  self-employed in various construction projects in the County of

16  San Diego, thereby earning sufficient income to support his wife,

17  and his two children, and to pay the mortgage to their home.

18  Having followed his attorney Kevin Bove's advice to obtain his

19  legal residency through lawful and legitimate ways, he had

20  nothing to fear by discussing openly and candidly with the

21  investigating officers on March 17, 2008. Mr. Miguel Mendiola

22  Martinez believed in good faith that he had a right to work and

23  to reside in the United States.  This good faith and reasonable

24  belief was based on the multiple documents he presented in his

25  application for adjustment of status, the corresponding replies,

26  his receipt of an Employment authorization card, his driver's

27  license, and his reliance on his retained attorney, Kevin Bove's

28  advice. He believed that  that his reliance on the professional

P5

paid for advice to his attorney, and following all the orders
from the federal agency which had accepted his immigration
documents that

he was dutifully complying with all requirements for his eventual
right to reside permanently in the United States.


MEMORANDUM OF POINTS AND AUTHORITIES

I

MIGUEL MENDIOLA-MARTINEZ SHOULD BE ALLOWED TO INTRODUCE THE
EMPLOYMENT AUTHORIZATION CARD IN EVIDENCE AT HIS TRIAL TO SHOW
THAT THE UNITED STATES
GOVERNMENT, THROUGH DEPARTMENT OF HOMELAND SECURITY, APPROVED HIS
APPLICATION FOR EMPLOYMENT, THEREBY ALLOWING HIM TO WORK IN THE
UNITED STATES PENDING THE APPROVAL OF HIS PETITION FOR ADJUSTMENT
OF STATUS.

    Miguel Mendiola-Martinez having retained the services of an
immigration attorney to assist him in the application process of
becoming a legal resident, applied for a waiver of
inadmissibility through application I-212.  Thereafter, after
paying a fee, he received from DHS, a valid Employment
Authorization Card.  He then obtained a valid social security
card which is valid with DHS work authorization.  There is no
dispute but that the Employment Authorization Card, EAC, granted
Miguel Mendiola-Martinez the right to work in any legitimate
field of work in the United States.  The recipient was reasonably
led to believe by DHS and the issuing officers  that he had the
right to work and to remain in the United States pending the

1                                                             P.6
2 adjudication of his petition for adjustment of status based on
3 his marriage to a United States citizen. If the EAC granted the
4 right to work, as it did in this case, by implication it meant
5 that the licensee had the right to work and to reside  in the
6 United States.   The EAC, in and of itself, authorized Miguel
7 Mendiola Martinez to work and to remain in the United States so
8 long as the work authorization remained in effect.  There is
9 nothing in the record that would render his EAC permit null and
10 void. At the time of his arrest, Miguel Mendiola-Martinez had not
11 been notified by DHS that his work authorization had been
12 revoked.  To this day, there is no allegation that his work
13 authorization is null and void, but it remains valid to the
14 applicant to the present.  He continues to work presently in
15 construction thereby supporting his family, himself, and
16 continues to make payments on the mortgage of their residence.
17      The alternative consequence sought by the prosecution would
18 be to render the work permit a nullity, put Mr. Mendiola in
19 prison, leave the family to
20 fend for themselves, a woman and two minor children.  The
21 mortgagee would kick the family out on the streets and leave them
22 homeless.  the children would suffer the loss of their father,
23 and the government would be forced to pay welfare and support the
24 destitute minor children.  By law, by reason, by logic, by
25 common sense, that is not right; it is downright unjust. That is
26 not what the Department of Homeland Security had in mind when it
27 granted Mr. Miguel Mendiola-Martinez a right to work permit and,
28 by implication, to remain in the United States pending the

P.7

adjudication of his petition for adjustment of status.  DHS knew

Mr Miguel Mendiola-Martinez's immigration record and history

By allowing his the right to work in the United States, it

consented and condoned his residency.  Not once did DHS ever

filed  an order ro show cause and set it before an immigration

judge, an immigration procedure questioning his legal status in

the United States.  The United States government therefore, is

estopped from using the instant prosecution to adjudicate Mr.

Miguel Mendiola-Maratinez as an "illegal alien".

II   THE UNITED STATES GOVERNMENT IS ESTOPPED TO ALLEGE THAT

MIGUEL MENDIOLA-MARTINEZ IS AN ILLEGAL ALIEN AFTER DHS GRANTED

HIM AN EAC AFTER HIS APPLICATION FOR ADJUSTMENT OF STATUS BASED

ON HIS MARRIAGE TO A UNITED STATES CITIZEN. (DOCTRINE OF

ENTRAPMENT BY ESTOPPEL).

     The doctrine of entrapment by estoppel applies in the

instant case when officials of the DHS issued an Employment

Authorization Card to Mr. Miguel Mendiola-Martinez by which he

was led to believe that he could work in the United States while

his petition for adjustment of status was pending.  Any

reasonable person in the same or similar circumstances would be

justified in believing that he had a right to work for himself or

for others with that document issued from an official agency of

the United States Government.  Mr. Miguel Mendiola-Martinez was

reasonable in his belief that he had a right to work and to

reside in the United States with that document.  U.S. v. Hsieh

Hui Chen, 754

1

2

3                                                              P.8

4  F.2d 817, 825 (9th Cir.). cert denied, 471 U.S. 1139 (citing Cox

5  v. Louisiana, 379 U.S. 559 (1965).  U.S> v. Talmadge, 829 F.2d

6  767, 773-775 (9th Cir.1987).

7  In U.S. v. Evans, 928 F.2d 858 (9th Cir. 1991), the Ninth Circuit

8  held that the defense failed as a matter of law, but that, in the

9  case before it, should be left to the jury.

10       This precise issue on these facts has not been presented for

11 adjudication before.  In the instant case, defendant proposes

12 that the jury should be given a jury instruction to the effect

13 that if DHS, an agency of the United States government, led

14 Miguel Mendiola Martinez to believe that he had the right to

15 remain in the United States by virtue of his application for

16 adjustment of status based on his marriage to a United States

17 citizen and on the issuance of a valid Employment Authorization

18 card, then, he is not removable, and therefore, though he may not

19 have been lawfully admitted into the United States, he is not an

20 illegal alien, as defined by INS regulations.

21 The jury should be the proper body to make a factual

22 determination on this crucial issue.  The document entitled,

23 "Employment Authorization Card", the defendant's driver's

24 license, and social security card should also be admitted into

25 evidence as they all are relevant documents upon which Mr. Miguel

26 Mendiola-Martinez relied in good faith in his honest and

27 reasonable belief that he was following the complex and byzantine

28 immigration laws of the United States.

P.9

III

IT IS AN OUTRAGEOUS, UNFAIR AND UNACCEPTABLE  CONDUCT FOR THE

UNITED STATES GOVERNMENT TO TAKE AWAY WITH THE LEFT HAND WHAT THE

RIGHT HAND HAS GRANTED.

In the instant case the DHS (Department of Homeland

Security) has granted a valid work authorization card to Miguel

Mendiola Martinez.  The DHS is an official agency of the United

States government.  Miguel Mendiola,

relying in good faith on the interpretation of his retained

counsel, Kevin Bove, paid all processing fees and filed all the

required documents for him to obtain a valid work authorization

card.  The right hand that granted this document surely

considered all relevant facts in the process of either approving

or denying such document.  Because of his excellent work record,

lack of criminal history, his marriage to a United States

citizen, his good health, and likelihood of obtaining his right

to permanently reside in the United States, DHS sought fit  to

grant him the Employment Authorization Card.  By implication,

DHS pardoned his illegal entry into the United States in 1999.

Another equally reasonable  interpretation of the procedure

followed by Mr. Miguel Mendiola-Martinez vis a vis DHS, would be

that DHS, in granting the applicant a work authorization card,

thereby waived removal, and should now be estopped from arguing

that the accused is an "illegal alien".

The left hand, on the other hand, now seeks to erase what

P.10

the right hand did, and denies that the work authorization permit

granted any rights to the accused, ignoring the steps that Mr.

Mendiola-Martinez took to complete each and every step in

becoming a legal resident.  Mr. Mendiola applied for and obtained

social security card, California driver's license, hunting

license,

and continued to be gainfully sel-employed thereby supporting his

family.

IT would be ignonimious and not worthy of its honor and integrity

for any country to behave toward its governed in such a way that

it gives the appearance of unfairness and deceitfulness. At the

very least the jury should be informed of every possible step Mr.

Miguel Mendiola-Martinez took in retaining professional help, in

paying any fees asked for in the application process and what

documents he was given as a result of those applications.

IV

THE UNITED STATES GOVERNMENT HAS INTRODUCED INFLAMMATORY AND

PREJUDICIAL

REFERENCES TO OSAMA BIN LADEN, IN EFFORTS TO PREJUDICE THE COURT

AND THE JURY AGAINST THE ACCUSED.  THE COURT SHOULD ADMONISH THE

PROSECUTION  FROM MAKING ANY REFERENCES TO THAT WORLD TERRORIST

AND TO ASSOCIATE HIM WITH THE ACCUSED.

    The government's reference to Osama Bin Laden, the world's

most wanted terrorist, is uncalled for.  The obvious linkage of

that despicable character  to Mr. Miguel Mendiola Martinez, who

happens to be dark skinned, a foreigner,

is stooping low for the dignity of a federal prosecutor.  Such a

11

reference in a jury trial is highly prejudicial to the accused.
Defendant respectfully requests the court to admonish the
prosecutor from referring in any way to that evil, despicable
character.  The defendant is entitled to a fair, unbiased
prosecutor who relies on the law of the land and not on name
calling, and certainly on guilt by association.

V.

MIGUEL MENDIOLA-MARTINEZ IS NOT AN "ILLEGAL ALIEN" FOR PURPOSES
OF 18 U.S.C.922(g)(5)

   The drafters of the statute under which the government is
prosecuting Miguel Mendiola-Martinez intended to borrow
immigration terms when they used the language, "possession of a
firearm by a person illegally, or unlawfully in the United
States".  The mere physical presence of a person in the United
States does not per se satisfy the element of the crime of being
in the United States illegally or unlawfully.  Any
interpretation to the contrary is legally indefensible.  United
States of America v. Antonio Lopez Perera, 438 F.3d 932 (9th Cir.
2006).

   The crucial definition of what constitutes being, "illegally
or unlawfully in the United States" is not contained in 18 U.S.C.
922(g)(5).
The BATF,  Bureau of Alcohol, Tobacco and Firearms, the agency
charged with administering section 922 promulgated a definition
which had been adopted from regulations enacted by Immigration
and Naturalization Service, (INS).  BATF

12

interpretation of what is an "illegal alien" must be therefore construed in

light of immigration laws.

However,  the adoption of INS regulation by BATF, did not define the term, "entered".  "In the context of immigration law, however, '"enter'" is '"a specific legal term".   "Entering the United States requires:

(1) crossing into the territorial limits of the United States, i.e. physical presence; (2)(a) inspection and admission by an immigration officer, or (b) actual and intentional evasion of the inspection at the nearest inspection point; and (3) freedom from official restraint." U.S. v. Perera, 438 F.3d, 935.

In the instant case, Miguel Mendiola–Martinez has been subject to the official restraints imposed by DHS through the Employment Authorization Documents.  BY virtue of the EAC., Miguel Mendiola Martinez is prohibited by DHS from using the document to enter into the United States, thereby his right to travel to Mexico or to any other countries has been restricted and limited by the regulation.   In essence, Miguel Mendiola Martinez is subject to the official restraint by DHS, and he has therefore, " not entered" the

United States.  If he has not entered the United States without official restraints on his freedom, then, he is not an illegal alien within the definition adopted from INS by BATF.  (See also United Statesv. Lombera Valdovinos, 429 F.3d 927 (9th Cir. 2005).

1                                                                13

2                                   VI

3   THE DEFENDANT INTENDS TO CALL WITNESSES ON HIS BEHALF:

4   KEVIN BOVE, HIS FORMER IMMIGRATION ATTORNEY AS AN EXPERT,  BILL

5   LYONS, CHARACTER WITNESS, LUZ MARIA MENDIOLA, DEFENDANT'S WIFE,

6   AND PASTOR PEDRO MENDIOLA.

7

8

9

10  Respectfully Submitted,

11   /s/ _____

12  Genaro Lara, for Miguel Mendiola-Martinez

13

14  September 2, 2008

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

Declaration of Counsel

The undersigned, declarant, Genaro Lara, states under penalty of

perjury as follows:

1.   I am one of the retained counsel on behalf of the accused,

Miguel-Mendiola Martinez

2.   I am licensed to practice in the State of California and my

license is in good standing with the State Bar of California and

with the United States District Court for the Southern District

of California.

3.   September 2, 2008, I e-mailed to the Assistant U.S. Attorney

a copy of the above entitled response to the prosecution's

motion to exclude evidence to: Christina.McCall@us.doj.gov

4.   On September 2, 2008, I filed electronically the above

document.

I certify the above to be true to the best of my knowledge and

belief.

/S/_____(Genaro Lara)

Genaro Lara

_____

Dated: September 2, 2008

15

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO 08-CR-1169 |
| | ) | (W.Q. H) |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Certificate of Service |
| | ) | |
| | ) | |
| MIGUEL MENDIOLA-MARTINEZ, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Genaro Lara, am a Citizen of the United States, and am at least 18 years of age. My

business address is 121 Broadway, Suite 365, San Diego, CA 92101.

I am not a party to the above action.  I have caused service of the Response to the

Prosecution's motion in limine to exclude evidence, on the following party by  electronically

filing the foregoing with the Clerk of the District Court using its ECF system, which

electronically notifies them.

1.  Christina McCall, Attorney for the United States of America.


I declare under penalty of perjury that the above is true and correct.

Executed this 2nd day of September 2008

/S/ Genaro Lara

_____

Geanaro Lara

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16